IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEW ENGLAND INTERCONNECT )
SYSTEMS, INC., )
            )
        Plaintiff, ) Civil Action No. 10-0758
            )
     v.     )
            )
            )
AEES, INC., )
            )
        Defendent. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                December 13, 2010

This is an action in contract. Plaintiff New England Interconnect Systems, Inc., ("NEIS") alleges a breach of contract and demands recovery under the Pennsylvania Uniform Commercial Code, 13 Pa. Cons. Stat. § 2101, *et seq.* Plaintiff seeks consequential and incidental damages, pre and post-judgment interest, costs and attorney's fees. Defendant, AEES, Inc., has filed a motion to dismiss arguing that plaintiff cannot state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) because the contractual period of limitations has run.

1

For the reasons set forth below, defendant's motion will be denied.

I. Background

Accepting plaintiff's allegations as true for the purposes of deciding this motion, the facts pertinent to this case are as follows:

Beginning in 2006, NEIS negotiated with defendant[1] about NEIS' ability to supply Coaxial Antenna Assembly units for certain OnStar systems. On October 12, 2006, NEIS submitted a quotation to supply 128,000 units at a price of $11.56 per unit, with NEIS to pay for all tooling costs. This quote provided that defendant would be obligated to reimburse NEIS for the non-refundable purchase of raw materials required to manufacture the requested units in the event defendant failed to complete the contract and incorporated other terms and conditions available on NEIS' website. One of these terms was that orders for special materials could not be cancelled, that no materials could be returned or credited, and that cancellations would only be effective on terms that would indemnify the seller on the loss of the order.

---

[1] Defendant AEES, Inc., formerly did business and/or is the successor-in-interest to AFL Auto, L.P., and Alcoa EES.

2

Defendant sent a letter dated October 26, 2006, which accepted NEIS' quote by agreeing to the per unit price of $11.56, agreeing that NEIS would pay for all tooling costs, and asking that NEIS be prepared to supply 150,000 units as opposed to 128,000. NEIS began shipments in December 2006.

On May 10, 2007, defendant asked NEIS to revise the existing agreement and provide a quote for a re-engineered version of the Coaxial Antenna Assembly. NEIS did so, offering to make 250,000 units available at a price of $11.73 per unit. On June 19, 2007, defendant requested that NEIS cancel the balance of the original order and replace it with 250,000 of the re-engineered units at $11.73 per unit. No new purchase agreement was issued with respect to this modification. NEIS ordered the raw materials necessary for the production of these units and began production.

NEIS contends that due to defendant's engineering modification to the units, NEIS was left with an inventory of obsolete units and specially ordered raw materials. Therefore, NEIS invoiced defendant for those items, as per the terms and conditions referenced in the October 12, 2006 quote, which did not allow for cancellation of orders that required special materials.

3

In January of 2008, defendant requested a price reduction on all business it was doing with NEIS, including the re-engineered Coaxial Antenna Assembly units. This request was granted, although no separate purchase order was issued. However, on February 19, 2008, defendant sent NEIS a Blanket Purchase Order which purported to cover all of the goods defendant was purchasing from NEIS, including the Coaxial Antenna Assembly units. The Blanket Purchase Order stated that defendant's Standard Purchase Order Terms, "as amended from time to time," would govern all of defendant's purchases and listed a link to a website where the terms could be found.

Defendant's Standard Purchase Order Terms included a provision stating that any action on a claim against defendant must commence within one year from the time the cause of action accrued. It also included a clause which stated that the Blanket Purchase Order set forth the entire agreement of the parties and superseded any prior agreements. The one-year limitations term was removed from the Standard Purchase Order Terms available at defendant's website by December of 2008.

Throughout this period NEIS continued to supply defendant with the re-engineered Coaxial Antenna Assembly units, and as of July 2010, 168,000 of the 250,000 units requested had

been delivered, but defendant communicated that they would not accept additional units or pay for NEIS' inventory of non-returnable raw materials. NEIS then sued for breach of contract.

II. Legal Standard

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a

legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

It is on this standard that the court has reviewed defendant's motion. Based on the pleadings of record, the arguments of counsel and the briefs filed in support and opposition thereto, the court is not persuaded that NEIS cannot, upon a trial, establish a case that would entitle it to relief.

III. Discussion

Defendant has moved for dismissal on the grounds that its Blanket Purchase Order, issued in February, 2008, required NEIS to bring any action alleging breach of contract within one year.

Defendant asserts that the one-year limitations period became a part of the governing contract by operation of 13 Pa. Cons. Stat. § 2207, which governs situations where contracts are created by a "battle" of forms. See Step-Saver Data Systems, Inc. v. Wyse Technology, 939 F.2d 91, 99 (3d Cir. 1991). Defendant asserts that NEIS has no legal grounds for relief because NEIS did not file its complaint until June 3, 2010, and its claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6).[2] Defendant further claims that NEIS admitted that defendant's 2008 Standard Purchase Order Terms were a part of its contract with defendant in its original complaint, and that this admission constitutes a factual averment that is binding on NEIS.

---

[2] Defendant has also asked this court to dismiss NEIS' complaint under Fed. R. Civ. P. 15(a)(2) & 41(b) on the basis that plaintiff's amended complaint was filed in an untimely manner. Rule 15 allows this court to give leave to amend the complaint as justice requires, and this court has granted such leave.

Plaintiff claims that defendant's form, which included the limitations clause, was irrelevant to the formation of the supply contract; therefore, the normal statute of limitations for contracts cases applies.

The court finds that plaintiff has adduced sufficient facts that, if accepted as true, state a plausible claim for relief. Therefore, defendant's motion to dismiss will be denied.

As this is a contract dispute related to the sale of goods, and as this contract was created with an exchange of forms, 13 Pa. Cons. Stat. § 2207 governs the formation of the contract. Section 2207 states as follows:

Additional terms in acceptance or confirmation

(a) General rule.--A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(b) Effect on contract.--The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
    (1) the offer expressly limits acceptance to the terms of the offer;
    (2) they materially alter it; or

>             (3) notification of objection to them has
>        already been given or is given within a
>        reasonable time after notice of them is received.
>
>   (c) Conduct establishing contract.--Conduct by both
>        parties which recognizes the existence of a
>        contract is sufficient to establish a contract
>        for sale although the writings of the parties do
>        not otherwise establish a contract. In such case
>        the terms of the particular contract consist of
>        those terms on which the writings of the parties
>        agree, together with any supplementary terms
>        incorporated under any other provisions of this
>        title.

13 Pa. Cons. Stat. § 2207.

The statute of limitations for contract actions in Pennsylvania is 4 years. 42 Pa. Cons. Stat. § 5525(a)(8). Determinations as to contract formation and what documents evidence the parties' agreements are made as a matter of law. Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 433 (Pa. 2004).

In ruling on a motion to dismiss, we take the non-moving party's factual, but not legal, assertions to be true. NEIS has alleged that a contract was formed as of October 26, 2006 when defendant accepted its October 12, 2006 quote. The acceptance did not include terms additional to the offer, but did include a different term, changing the amount of units requested to 150,000, instead of 128,000. The resultant

9

contract included NEIS' Terms and Conditions, which gave notice that orders involving special materials could not be cancelled. This contract did not include a limitations clause, making the statutory 4-years limitations period applicable.

Defendant canceled this order on June 19, 2007, asking that it be replaced with an order for 250,000 re-engineered Coaxial Antenna Assembly units, but no new purchase agreement was issued. Therefore, the terms of the October 12, 2006 quote governed, which did not include a limitations period on actions for breach. NEIS now claims that defendant breached the parties' agreement when it refused to pay for the remaining units and raw materials from the 2006 agreement, and it brought suit on that claim on June 3, 2010, within the statutory 4-year limit. Therefore, it appears that on the record before the court, NEIS has stated a claim for which relief might be granted.

As to its claim that defendant is in breach of contract for refusal to accept the remaining 82,000 re-engineered units from the June 19, 2007 request, on the record before this court it appears that even if the terms of the Blanket Purchase Order became a part of the parties' agreement, those terms were only in place from February 2008 until December

2008. The record does not yet demonstrate how many units were delivered within this time-frame, but NEIS has entered evidence that demonstrates that some units were delivered outside of this this window, when the 4-year statute of limitations applied. Therefore, NEIS has stated a claim on which relief may be granted, and the court declines to grant defendant's motion on the record before it.

IV. Conclusion

For the forgoing reasons, AEES Inc.'s motion to dismiss will be denied on the record currently before this court. However, this denial is without prejudice to raise these issues again after the completion of discovery.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEW ENGLAND INTERCONNECT SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 10-0758 |
| v. | ) ) ) ) | |
| AEES, INC., | ) ) | |
| Defendent. | ) | |

## ORDER

AND NOW, this 13th day of December 2010, upon consideration of defendant's Motion to Dismiss and accompanying briefs, IT IS HEREBY ORDERED that defendant's motion is DENIED without prejudice.

BY THE COURT:

/s/ _____, J.

Cc: All counsel of Record