IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEW ENGLAND INTERCONNECT SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 10-0758 |
| v. | ) ) ) ) | |
| AEES, INC., | ) ) | |
| Defendant. | ) | |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                           May 26, 2011

This is an action in contract. Plaintiff New England Interconnect Systems, Inc., ("NEIS") alleges a breach of contract and demands recovery under the Pennsylvania Uniform Commercial Code, 13 Pa. Cons. Stat. § 2101, et seq. Plaintiff has filed a motion seeking leave to join a party defendant, substitute a party plaintiff and file a second amended complaint.

For the reasons set forth below, plaintiff's motion will be granted.

I.   Background

NEIS claims that an entity entitled AFL Automotive breached a contract with NEIS. On June 3, 2010, NEIS filed suit against AFL Automotive's alleged successor-in-interest, AEES,

Inc. On August 9, 2010, AEES, Inc. filed a motion to dismiss which was denied by this court. On December 28, 2010, AEES, Inc. filed an Answer and Affirmative Defenses. In the Answer, AEES, Inc. denied that it was the successor-in-interest to AFL Automotive, and offered that NEIS had failed to join one or more necessary parties as an affirmative defense. On February 16, 2011, AEES, Inc. responded to an interrogatory propounded by NEIS clarifying that it was not the actual successor-in-interest, merely the general partner of an entity entitled AEES, L.P., which was the successor by name change to AFL Automotive. Documentary evidence supporting this fact was later produced, and on March 31, 2011, NEIS filed this motion.

Additionally, at the time NEIS entered into the original contract at issue in this case, NEIS was a wholly-owned subsidiary of New England Wire Technology Corporation, ("NEWT"). In 2008, NEWT acquired another subsidiary, Bay Associates Wire Technologies. Effective December, 31, 2008, NEWT transferred the ownership of all of its NEIS stock to Bay Associates. The next day, NEIS transferred substantially all of its assets to Bay Associates. Among these assets was the right to all claims arising from NEIS' contracts with AFL Automotive and its successors. NEIS has provided the sworn affidavit of Harry Avonti, formerly the General Manager of NEIS, and now the

General Manager of Bay Associates, which states that he did not discover the transfer of the right to the AFL Automotive contracts from NEIS to Bay Associates until the discovery period of this lawsuit and after suit had already been filed in the name of NEIS.

NEIS now moves to add AEES, L.P. as a party defendant and substitute Bay Associates as the real party in interest.

II. Discussion

NEIS asserts that it is proper for this court to permit it to amend its complaint to add AEES, L.P. as a defendant and to substitute Bay Associates as the plaintiff in this matter.

AEES, Inc. contends that this court should deny leave to join AEES, L.P. because the proposed amendments are barred by a one-year contractual limitation period. AEES, Inc. continues that even if the claim is governed by the 4-year limitations period set by statute it is still time-barred because the amendment sought under Rule 15 to add a defendant does not relate back to the date of the original complaint. AEES, Inc. further argues that a substitution of plaintiff under Rule 17 is improper because NEIS' failure to bring this action in the name of Bay Associates is not understandable.

3

We disagree and will grant NEIS' motion to amend as outlined below.

With respect to NEIS' request to add AEES, L.P. as a defendant, we look to Federal Rule of Civil Procedure 15 which governs amended and supplemental pleadings. It states that once the standard period for amendment has passed, a party needs either the written consent of the opposing party or leave of court to amend. Fed. R. Civ. P. 15(a)(2). Under this rule, the court "should freely give leave when justice so requires." Id. When an amendment changes a defending party, it will relate back to the date of the original pleading if it asserts a claim or defense which arose from the transaction set out in the original complaint and if the party to be brought in by amendment knew or should have known within 120 days of the time that the complaint was filed that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).

Federal Rule of Civil Procedure 21 governs misjoinder and nonjoinder of parties. It allows the court to add or drop a party at any time, "on just terms." Fed. R. Civ. P. 21.

District courts may grant leave to amend under either Rule 15 or 21 at their discretion, and should do so unless there is evidence of undue delay, bad faith, dilatory motive, or

prejudice, or if the proposed amendment would be futile because it would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).

First, we will address AEES, Inc.'s argument that the proposed amendment is futile because of an expired 1-year contractual limitations period. This court has already determined that Pennsylvania's 4-year statute of limitations for contract actions applies to this supply-contract case, with the possible exception of a window from February 2008 to December 2008, when an AEES, Inc. purchase order may have introduced a 1-year limitations period as a term governing the parties' agreement for that period. [Doc. No. 26]. But that issue is not yet ripe for decision and has no bearing on this motion.

Next, this court finds that the proposed addition of AEES, L.P. as a defendant relates back to the filing of the original complaint, which was filed within the applicable 4-year statute of limitations. Here, the claims in the case remain the same, so the only question is whether AEES, L.P., as the defending party to be brought in, had sufficient notice of this action so as not to be prejudiced, and knew or should have known that this action would have been brought against it, absent NEIS' mistake.

The Supreme Court of the United States has recently issued a ruling on this very point of law, holding that the only relevant question under Rule 15 is "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." Krupski v. Costa Crociere, 130 S. Ct. 2485, 2496 (2010). The Krupski case concerned a plaintiff who sued a company called Costa Cruise. Several months after the limitations period had expired, Costa Cruise filed an answer asserting that it was merely the sales and marketing agent for Costa Crociere, which was the proper defendant. Id. at 2491. The Court held that the two companies were related corporate entities and had very similar names. Therefore, the Court found that Rule 15 was satisfied and allowed amendment and relation-back to the time of the original filing because Costa Crociere should have suspected a mistake when Costa Cruise was named in the complaint. Id. at 2498.

The same analysis applies here. AEES, Inc. and AEES, L.P. are related corporate entities organized under the laws of the state of Delaware as general partners. Under Delaware law, each partner has equal rights in the management and conduct of the partnership business and affairs. 6 DEL. CODE. ANN. § 15-401(f)(2011). In general, all partners are liable jointly and

severally for all obligations of the partnership. 6 DEL. CODE. ANN. § 15-306(a)(2011). What is more, AEES, Inc. and AEES, L.P. have names just as, if not more similar than the corporate entities in Krupski. We find that AEES, L.P. was on notice of this action when it was filed against AEES, Inc. such that it suffers no prejudice in defending the case and that AEES, L.P. can fairly be expected to suspect that NEIS named AEES, Inc. by mistake. Therefore, we will grant NEIS' motion to add AEES, L.P. as a party defendant, and hold that this amendment to the pleadings relates back to the date of original filing for statute of limitations purposes.

Turning to NEIS' request to substitute Bay Associates as the proper plaintiff in this case, we look to Federal Rule of Civil Procedure 17 which requires actions to be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). The Advisory Committee Notes to Rule 17(a) state that courts are inclined to be lenient when an "honest mistake" has been made in choosing the party in whose name the action is filed. Fed. R. Civ. P. 17 Advisory Committee Notes, 1966 Amendments. The Notes also stress that the rule is intended to prevent forfeiture when determination of the proper party is "difficult" or "when an understandable mistake has been made" in selecting the party in whose name an action should be brought. Id.

Rule 17 prevents this court from dismissing an action for failure to prosecute in the name of the real party in interest unless there has been both an objection and a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action. Fed. R. Civ. P. 17(a)(3). Once the party has been joined, the action proceeds as if it had been commenced by the real party in interest. Id. In other words, just as with Rule 15, Rule 17 includes a relation-back provision.

This rule serves to protect defendants from a subsequent action by the party actually entitled to recover. Green v. Daimler Benz, AG, 157 F.R.D. 340, 343 (E.D. Pa 1994). But the rule also serves plaintiffs by requiring the court to add the real party in interest to the action, which may allow the added party to survive an expired statute of limitations. Id.

The Court of Appeals for the Third Circuit has noted that the substitution of a real party in interest, even after the statute of limitations has run, is not significant when the change is merely formal and does not alter the facts and issues on which the claim is based. Nelson v. County of Allegheny, 60 F.3d 1010, 1015 n. 8 (3d Cir. 1995)(citing Staren v. American Nat. Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir. 1976)).

8

However, the court of appeals stressed that the goal of Rule 17 is to prevent forfeiture when the determination of the proper party to sue is "difficult," or "when an understandable mistake has been made." Id.

This court finds that the substitution of plaintiffs requested in this case is a formality that does not alter the facts or issues raised against defendants. The only question that remains, then, is whether it would have been difficult for NEIS to determine that Bay Associates was the real party in interest, or if that mistake was understandable. On one hand, NEIS is not an unsophisticated plaintiff, so it does not appear that it would have been unduly difficult for NEIS to determine that it had transferred the rights to its contract claim against defendants before it initiated suit. On the other hand, there is no indication of dishonesty here. It is clear that the general management of NEIS understood that Bay Associates became the owner of all of NEIS' stock, but that it overlooked the fact that a subsequent asset transfer to Bay Associates included the claims at bar. Therefore, the court finds that this mistake, which does not appear to prejudice defendants in any manner, was not careless or misleading, but was an understandable and excusable mistake. See MCI Worldcom Network Services, Inc. v. Graphnet, Inc., No. 00-5255, 2005 WL 1116163 at * 7 (D.N.J. May

11, 2005) (finding that a failure to name the real party in interest until after a second amended complaint had been filed was an honest and understandable mistake due to a series of mergers and name changes). We thus grant NEIS' motion to substitute Bay Associates as the real party in interest in this action.

III. Conclusion

For the forgoing reasons, NEIS' motion to add AEES, L.P. as a defendant and substitute Bay Associates as the plaintiff in this action is granted. Bay Associates may file an amended pleading making these limited changes.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEW ENGLAND INTERCONNECT )
SYSTEMS, INC., )
)
        Plaintiff, )   Civil Action No. 10-0758
)
  v. )
)
)
AEES, INC., )
)
        Defendant. )

ORDER

AND NOW, this 26 day of May, 2011, IT IS HEREBY ORDERED that plaintiff's Motion for Leave to Join a Party Defendant, Substitute a Party Plaintiff and File a Second Amended Complaint, [Doc. No. 33] is GRANTED. AEES, L.P. is hereby added as a defendant to this action. Bay Associates Wire Technologies, Inc. is hereby substituted as the plaintiff in this action. Bay Associates shall file a second amendment complaint for the sole purpose of adding AEES, L.P. as a party defendant and substituting Bay Associates Wireless Technologies, Inc. as the party plaintiff within ten (10) days of the date of this order. Upon the filing of this complaint, plaintiff shall serve a summons and second amended complaint on AEES, L.P. AEES, L.P. shall have ten (10) days from the date of filing of the second amended complaint to answer the amended averments.

The parties are ORDERED that the post-discovery status conference remains set for July 6, 2011 at 4:30 p.m. and that all fact discovery should be completed by July 5, 2011.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record